UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MODULAR SPACE CORPORATION,** d/b/a **MODSPACE**, a Delaware Corp., f/k/a **TRANSPORT INTERNATIONAL POOL, INC.**, d/b/a **GE CAPITAL MODULAR SPACE**, a Delaware Corp. | * | **CIVIL ACTION NO. 08-0022** |
| **VERSUS** | * | |
| **GREEN CLINIC, LLC** | * | **MAGISTRATE JUDGE HAYES** |

**ORDER**

On January 15, 2009, the court observed that the jurisdictional allegations in plaintiff's complaint failed to identify the members and citizenship of the defendant LLC. (January 15, 2009, Order [doc. # 21]). Accordingly, the court granted plaintiff leave to amend to correct the deficient allegations. *Id*. Although plaintiff has now twice amended the complaint and has successfully set forth the membership of the defendant, LLC, the latest complaint does not allege the state(s) where the individual LLC members are *domiciled*,[1] and does not affirmatively allege the state of incorporation for the corporate member of the LLC. (2nd Amend. Compl., ¶ 1).[2]

---

[1] For individual parties, the courts have equated domicile with citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974). "Domicile" is not synonymous with "residence"; one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989).

[2] The complaint asserts that James S. Finley, III, M.D., APMC is a "domestic corporation." (2nd Amend. Compl., ¶ 1). However, "domestic" is ambiguous; it does not necessarily equate to the state of incorporation. *See e.g., Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148 (5th Cir. 1985) (discussing "domestic" corporations as U.S. corporations).
 In diversity cases involving corporations, "allegations of citizenship must set forth the

Accordingly, within the next 15 days from today, plaintiff is granted leave of court to file another amended complaint which establishes diversity jurisdiction. *See*, 28 U.S.C. § 1653. If plaintiff fails to so comply, or if jurisdiction is found to be lacking, then the case will be dismissed. Fed.R.Civ.P. 12(h)(3).[3]

THUS DONE AND SIGNED at Monroe, Louisiana, this 11th day of February, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

state of incorporation as well as the principal place of business of each corporation." *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient). Simply alleging that a corporation is a "foreign insurer" does not establish place of incorporation for jurisdictional purposes. *Getty Oil, supra.*

[3] Lest the parties think that the court is being overly technical or harsh, they are referred to *Mullins v. Testamerica, Inc.*, 2008 WL 4888576 (5th Cir. Nov. 13, 2008) (unpubl.) and *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001).